## WHITE SEWING MACH. CO. v. ARMSTRONG.

No. 10624.

Court of Civil Appeals of Texas. Dallas. May 31, 1930.

On Rehearing July 5, 1930.

Further Rehearing Denied July 26, 1930.

Turner, Rodgers & Winn, of Dallas, for appellant.

Leffingwell & Dixon, of Dallas, for appellee.

LOONEY, J.

A. F. Armstrong set up as the basis for this suit certain contracts with the White Sewing Machine Company, one in writing, under which plaintiff entered the service of defendant as salesman at Dallas on a commission basis, also verbal contracts, under which plaintiff served defendant as branch manager and salesman at Fort Worth and San Antonio, his compensation as manager, however, was alleged to be in addition to his commissions as salesman provided in the written contract, that is, he was to receive a flat commission of $7 for each sewing machine sold at these branch offices, whether the sale was made by himself or by one of his salesmen; that as manager and salesman he earned commissions aggregating the sum of $2,271.60, against which he admitted a credit of $748.85 in favor of defendant, leaving balance of $1,522.75, for which amount he prayed judgment.

Defendant answered by general denial and pleaded specially that plaintiff, in the dual capacity of salesman and manager, was governed by the terms of the written contract; that he was not to receive a flat commission of $7 on the sale of each machine, but payment of same was contingent on the machine being paid for by the customers; that he was also required to bear the loss of commissions on all unperformed sales, whether made by himself or salesmen; that many sales failed of consummation, and it became necessary for defendant to repossess the machine, and the commissions incident thereto charged back to plaintiff, as provided by the contract, were more than sufficient in amount to offset plaintiff's claim.

When the evidence closed, defendant moved for an instructed verdict; this was denied, and the case went to the jury on special is-

sues, in answer to which the jury found that defendant did in fact agree to pay plaintiff a flat commission of $7 on the sale of each machine made by salesmen under him regardless of whether or not the machine had to be repossessed, and, further, that these salesmen were accountable to defendant, and not to plaintiff. On these findings plaintiff asked for judgment in the sum of $1,-514.35; defendant also moved for judgment in its favor, but these motions were denied, and the court proceeded to render judgment for plaintiff in the sum of $535.75.

On appeal, defendant contends that the court erred in refusing to direct a verdict in its favor; also in refusing after verdict to render judgment in its favor on the undisputed facts. Plaintiff cross-assigned error, on the refusal of the court to submit at his request issues in regard to the alleged agreement of defendant to pay him a flat commission of $7 per machine sold by him in person, whether repossessed or not; plaintiff also contends that, under the findings of the jury, and the undisputed facts, the court erred in not rendering judgment in his favor for the sum of $952.35.

We do not think the court erred in refusing to instruct a verdict for defendant, because the evidence on all material issues was conflicting; nor do we think the court erred in refusing to render judgment in its favor after the verdict. However, we are of opinion that the court erred in refusing to submit to the jury the requested issues that would have settled the controversy, supported by evidence pro and con as to whether or not plaintiff, in addition to commissions claimed by him on sales made by salesmen, was also entitled to a flat commission of $7 on his personal sales and, because of this error, the case will be reversed and remanded for further proceedings. We overrule defendant's assignments and sustain the cross-assignment of plaintiff just discussed, but in view of another trial, do not deem it prudent to protract the discussion or to comment upon the evidence. The costs of appeal is adjudged against appellant.

Reversed and remanded.

### On Motions for Rehearing.

Appellant, defendant below, brought this case up on two assignments of error: (1) That the trial court erred in refusing to direct a verdict in its favor; (2) that the trial court erred in refusing to render judgment in its favor non obstante veredicto. These assignments are necessarily based on the idea that the evidence failed to disclose any theory on which plaintiff could have recovered. We overruled this contention for the reason that the evidence on the material issues, being conflicting, justified the submission of the case to the jury and warranted the judgment.

Plaintiff sued for $2271.70, less an admitted credit of $748.85, based on the contention that defendant agreed to pay him a flat commission of $7 for each sewing machine sold at its substations in Fort Worth and San Antonio, whether the sale was made by him or by salesmen under him. Defendant denied plaintiff's contention and pleaded as an offset charges for certain machines that had to be taken back on sales made by both plaintiff and his salesmen. The court submitted the issue in regard to this matter as to salesmen's sales, and the jury having found in favor of plaintiff, all offsets claimed by defendant in regard to such sales were eliminated. The court, however, declined to submit the issue in regard to plaintiff's personal sales, and on this phase of the case Mr. Corwin, defendant's Southern supervisor, testified in effect that defendant was entitled to credits for machines returned on plaintiff's personal sales at Fort Worth $242 and at San Antonio $328.25, which, together with the admitted credit of $748.85, made a total offset (under the trial court's theory of the case) of $1319.25, thus showing a balance of $952.60 in plaintiff's favor, for which amount judgment could have been rendered, although the evidence was conflicting, but instead the court gave judgment for only $535.75.

We adopt as our conclusions the findings of the jury to the effect that defendant agreed to pay plaintiff a flat fee of $7 for each machine sold by his salesmen, and, in harmony with the evident findings of the trial court, conclude that the evidence showed defendant to be indebted to plaintiff in the sum of at least $535.75, the amount for which judgment was rendered. These findings are the ultimate facts upon which the judgment is based, therefore defendant's request for other findings is refused, and its motion for rehearing, after due consideration, is overruled.

Plaintiff, appellee here, also asks for rehearing. We reversed and remanded the cause on cross-assignments urged by plaintiff, based on the refusal of the trial court to have the jury answer whether or not defendant agreed to pay plaintiff a flat commission of $7 on his personal sales, as well as those made by salesmen. This issue was pleaded, was supported by evidence, and, in our opinion, should have been submitted. Plaintiff comes now, and in his motion for rehearing withdraws or waives the cross-assignments, prays the court to set aside the judgment remanding the case, and affirm the judgment. No reason occurs to us why this cannot and should not be done. Therefore appellee's motion for rehearing is granted, the judgment heretofore rendered is set aside, and the judgment of the trial court is affirmed.